## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WISCONSIN

---

**SAMANTHA R. BABCOCK,**

    **Plaintiff,**

**v.**                                              **Case No.  21-cv-326**

**GENERAC POWER SYSTEMS, INC.,**

    **Defendant.**

---

## COMPLAINT

---

**NOW COMES** plaintiff Samantha R. Babcock by her attorney, Amy F. Scarr of Amy F. Scarr, S.C., and as and for a cause of action against the above-named defendant, alleges and shows the court as follows:

### Nature of the Case

1.      This is a civil action for violation of Samantha R. Babcock's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000e et seq. ("Title VII").

### Jurisdiction and Venue

2.      This court has jurisdiction under 28 U.S.C. secs. 1331 and 1343(a)(4) and 42 U.S.C. sec. 2000e-5(f)(3).

3.      Venue in the Western District of Wisconsin is proper under 28 U.S.C. 1391(b) and 42 U.S.C. sec. 2000e-5(f)(3).

## Parties

4.      The plaintiff, Samantha R. Babcock ("Babcock"), is an adult female residing at 2500 Robinson Drive, Beloit, Rock County, Wisconsin.

5.      Upon information and belief, defendant Generac Power Systems, Inc. ("Generac") is a domestic corporation that, among other things, manufactures power equipment products in Wisconsin and, at all times relevant to this Complaint, owned and operated a facility located at 2900 Beloit Avenue, Janesville, Rock County, Wisconsin. Upon information and belief, Generac's principal office is located at S45W29290 Highway 59, Waukesha, Wisconsin.

6.      At all times relevant to this Complaint, Generac has been engaged in an industry affecting commerce within the meaning of Title VII.

7.      In 2018 or 2019 Generac had 15 or more employees for each working day in each of 20 or more calendar weeks.

8.      At all times relevant to this Complaint, Generac has been an employer within the meaning of Title VII.

## Administrative Prerequisites

9.      On November 13, 2019, Ms. Babcock filed a Discrimination Complaint with the Equal Rights Division ("ERD") of the Wisconsin Department of Workforce Development alleging sex discrimination and retaliation claims against Generac.

10.     The United States Equal Employment Opportunity Commission issued a Notice of Right to Sue to Ms. Babcock's counsel showing the date issued as February 18, 2021.

11.     On May 14, 2021, Ms. Babcock filed this Complaint in the above-captioned case in the United States District Court for the Western District of Wisconsin.

12.     This Complaint was timely filed.

**General Allegations**

13.     In May 2019, QPS Employment Group, Inc. in Beloit, Wisconsin, a staffing agency, got Ms. Babcock a job with Generac Power Systems, Inc. ("Generac") in Generac's Janesville, Wisconsin plant.

14.     Ms. Babcock started her job as a kitter with Generac on May 13, 2019.

15.     Ms. Babcock was 19 years old when she started her job with Generac.

16.     Generac was Ms. Babcock's employer.

17.     Generac had the right to control and direct Ms. Babcock's work as to the results to be achieved and as to the details by which the results were achieved.

18.     Generac controlled and supervised Ms. Babcock's work.

19.     Generac assigned Ms. Babcock's work to her.

20.     Generac controlled Ms. Babcock's work schedule.

21.     Generac trained Ms. Babcock on the skills needed for her job.

22.     Generac was responsible for the costs of operation of its plant, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations.

23.     On July 11, 2019, Generac employee Wesley Moody exposed his genitals to Ms. Babcock.

24.     On July 12, 2019, Ms. Babcock reported Mr. Moody's conduct to Generac,

including Distribution Manager Brett Lee, Human Resources Manager Kerri LaDu, and

Human Resources Generalist Rebecca Cameron.

25.     Generac investigated Ms. Babcock's report regarding Mr. Moody.

26.     As part of its investigation, Generac interviewed Mr. Moody.

27.     Mr. Moody admitted to coworkers that he had exposed his genitals to Ms.

Babcock and admitted exposing his genitals to someone at work once before; the

coworkers told Generac of Mr. Moody's admissions.

28.     Upon information and belief, on July 12, 2019, Generac suspended Mr.

Moody.

29.     Upon information and belief, on July 18, 2019, Generac terminated Mr.

Moody's employment.

30.     On July 18, 2019, 6 days after Ms. Babcock reported to Generac that Mr.

Moody had exposed his genitals to her, Generac terminated Ms. Babcock's employment.

**CLAIM: EMPLOYMENT DISCRIMINATION-RETALIATION (42 U.S.C. 2000e-3(a))**

31.     Ms. Babcock realleges paragraphs 1 through 30 above and incorporates

them by reference as if specifically set forth in full herein.

32.     Ms. Babcock had a reasonable and good faith belief that Mr. Moody had

sexually harassed her in violation of Title VII.

33.     Ms. Babcock's report to Generac regarding Mr. Moody's exposing his

genitals to her is protected activity within the meaning of Title VII.

34.     Generac terminated Ms. Babcock's employment because she engaged in protected activity by reporting to Generac that Mr. Moody had exposed his genitals to her.

35.     In terminating Ms. Babcock, Generac intentionally retaliated against her for engaging in protected activity, in violation of Title VII, 42 U.S.C. 2000e-3(a).

36.     As a result of Generac's retaliation, Ms. Babcock has suffered emotional distress, humiliation, and loss of dignity.

37.     Upon information and belief, in retaliating against Ms. Babcock, Generac acted with malice or with reckless indifference to Ms. Babcock's federally protected rights.

**WHEREFORE,** plaintiff Samantha R. Babcock demands judgment against defendant Generac Power Systems, Inc. as follows:

a.     declaring that the defendant intentionally retaliated against her in violation of her rights under Title VII;

b.     for compensatory damages in an amount to be proved at trial, pursuant to 42 U.S.C. sec 1981a;

c.     for punitive damages in an amount to be proved at trial, pursuant to 42 U.S.C. sec. 1981a;

d.     for attorney's fees and costs incurred in bringing this action and her administrative action before the ERD, pursuant to 42 U.S.C. sec. 2000e-5(k) and 42 U.S.C. sec. 1988(b); and

e.     for such other relief as the Court may deem just and equitable.

Dated this 14th day of May, 2021.

**A TWELVE-PERSON JURY IS HEREBY DEMANDED.**

                                  **AMY F. SCARR, S.C.**

                                  s/Amy F. Scarr

                                  Amy F. Scarr, State Bar No. 1016179
                                  Attorney for Plaintiff Samantha R. Babcock
                                  Amy F. Scarr, S.C.
                                  131 W. Wilson St., Suite 900
                                  Madison, Wisconsin  53703
                                  Telephone: (608) 255-6610
                                  Fax: (608) 255-6710
                                  Email: attorneyamyscarr@gmail.com